UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

04 DEC 21 PM 4:04

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, )<br><br>Plaintiff )<br>)<br>vs. )<br>)<br>DR. WILLIAM C. MASON and DR. MICHAEL R. )<br>BROWN, d/b/a SULLIVAN COUNTY )<br>RADIOLOGISTS, SUSAN VICORY, VENETA )<br>BENTON, JOHN LANDSAW, PEARL JOHNSON, )<br>JAMES BRATCHER, ARMAND GOTTARDI, )<br>CLAUDIA HAUGHEE, JACK BARCLAY, )<br>KATHERINE AHL, HELEN VASTINE, JUNIOR )<br>PRESSLEY, JR., ORVILLE HORNBECK, )<br>TIMOTHY L. ARESON, LAWANA KRAEMER, )<br>BILL PEARMAN, HAZEL HALE, JOHN ROZSA, )<br>JOHN DORAN, WAYNE WALTON, KATHY )<br>MASON, BRYCE JOHNSON, RUSSELL )<br>FIRESTONE, JR., CORLETTA BEARD, LORETTA )<br>BLACKBURN, LARRY ROBERTS, MILDRED )<br>COOK, JOHN RICHARDSON, DAVID WHEELER, )<br>HILDA SIMPSON, PENNY FRINK, LELA NATALIE, )<br>MARY SNYDER and RITA MILLER, CHERYL LEAR )<br>and MARLENE STEVENSON, RICHARD C. )<br>MARSHALL, JR., CHARLES CATTERSON, MILDRED )<br>SMITH, JERRY SIMS, BRENDA L. HENDERSON, )<br>ORLETTA WELKER, PHILLIP PICKETT, NELLIE )<br>NORMAN, NORMAN MILLER, ROBIN BERG, TOM )<br>ALDERSON, ELIZABETH L. HIDDLE, MARILYN )<br>WHITTINGTON, MARY HEDDEN, PEGGY FALLS, )<br>GLORIA McGILL, LORIE HICKMAN, EVELYN M. )<br>HOBERT, NORMA MAE SIDDENS, ANTHONY R. )<br>WALTERS, DEREK H. MAXWELL, II and KATHRYN )<br>M. BRICKER, MICHAEL E. GILMAN, CLINTON S. )<br>WEBB, TANYA COTTRELL, REBECCA BATSON and )<br>ROBERT MEADOWS, JAMES A. STILLWELL, DOM )<br>ROLANDO, SCOTT WHITE, SUE MERSHON, LANCE )<br>PEFLEY, JOHN LEE and JAMES LEE, RODNEY )<br>MEYERS, MILDRED GENISIO, ROGER GRIFFIN, )<br>JAMES HUXFORD, MALCOLM AUKERMAN, ) | 1:04-cv-2075-JDT-TAB<br><br>CAUSE NUMBER: |

|  |  |
|---|---|
| MARILYN J. WOLFE, VIOLA K. CHRIMES, BRUCE HAFNER, ETHEL F. RICHARDSON, KENNETH C. STONE, INDIVIDUALLY AND AS SUVIVING NEXT OF KIN AND/OR ADMINISTRATORS AND EXECUTORS OF THE ESTATES OF THEIR DECEASED RELATIVES, AND AS REPRESENTATIVES OF A CLASS OF PERSONS WHO ARE SIMILARLY SITUATED, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, State Farm Fire & Casualty Company (hereinafter "State Farm"), for its Complaint for Declaratory Judgment against the Defendants, Dr. William C. Mason And Dr. Michael R. Brown, d/b/a Sullivan County Radiologists, Susan Vicory, Veneta Benton, John Landsaw, Pearl Johnson, James Bratcher, Armand Gottardi, Claudia Haughee, Jack Barclay, Katherine Ahl, Helen Vastine, Junior Pressley, Jr., Orville Hornbeck, Timothy L. Areson, Lawana Kraemer, Bill Pearman, Hazel Hale, John Rozsa, John Doran, Wayne Walton, Kathy Mason, Bryce Johnson, Russell Firestone, Jr., Corletta Beard, Loretta Blackburn, Larry Roberts, Mildred Cook, John Richardson, David Wheeler, Hilda Simpson, Penny Frink, Lela Natalie, Mary Snyder And Rita Miller, Cheryl Lear And Marlene Stevenson, Richard C. Marshall, Jr., Charles Catterson, Mildred Smith, Jerry Sims, Brenda L. Henderson, Orletta Welker, Phillip Pickett, Nellie Norman, Norman Miller, Robin Berg, Tom Alderson, Elizabeth L. Hiddle, Marilyn Whittington, Mary Hedden, Peggy Falls, Gloria Mcgill, Lorie Hickman, Evelyn M. Hobert, Norma Mae Siddens, Anthony R. Walters, Derek H. Maxwell, Ii And Kathryn M. Bricker, Michael E. Gilman, Clinton S. Webb, Tanya Cottrell, Rebecca Batson And Robert Meadows, James A. Stillwell, Dom Rolando, Scott White, Sue Mershon, Lance

Pefley, John Lee And James Lee, Rodney Meyers, Mildred Genisio, Roger Griffin, James Huxford, Malcolm Aukerman, Marilyn J. Wolfe, Viola K. Chrimes, Bruce Hafner, Ethel F. Richardson, Kenneth C. Stone, Individually And As Surviving Next Of Kin And/Or Administrators And Executors Of The Estates Of Their Deceased Relatives, And As Representatives Of A Class Of Persons Who Are Similarly Situated, (hereinafter "Defendants") and allege and state as follows:

## I.   GENERAL ALLEGATIONS

1. The Plaintiff, State Farm Fire & Casualty Company, is an insurance company with its principal place of business in Bloomington, Illinois.

2. State Farm is authorized to do business in the State of Indiana.

3. Defendants are Doctors (specifically Radiologists) practicing in the State of Indiana.

4. The name of the doctors business is Sullivan County Radiologists.

5. The address of Sullivan County Radiologists is 801 S. Main Street, Clinton, Indiana.

6. Doctors reside in the state of Indiana.

7. A State Farm Business Policy was issued to the doctors.

8. The State Farm Business Policy provides coverage for things like the business building and the business personal property.

9. The doctors also carried medical malpractice insurance.

10. The medical malpractice policy provides coverage for medical negligence.

11. The policy number of the business policy issued to the doctors by State Farm is 94-75-3113-0.

12. A true, accurate and complete copy of the business policy issued to the doctors is attached hereto as Exhibit A.

13. On August 15, 1995, several claimants filed in the District Court for the Southern District of Indiana a complaint ("Federal Complaint") for the wrongful death of patients at Vermillion County Hospital.

14. On August 15, 1995, several claimants filed in the Vermillion Circuit Court a complaint ("State Court Complaint") for the wrongful death of patients at Vermillion County Hospital.

15. On April 10, 1996, several claimants filed with the Indiana Department of Insurance a Proposed Complaint for medical malpractice relating to the alleged wrongful death of several patients of the Vermillion County Hospital.

16. On February 12, 2003, a seventh proposed complaint for medical malpractice was filed with the Indiana Department of Insurance relating to the alleged wrongful death of several patients of the Vermillion County Hospital.

17. On June 2, 2004, the Marion County Superior Court Room 10, conducted a hearing on the Patient's Compensation Fund's (Vermillion County Hospital) Motion for Preliminary Determination of Law pursuant to Ind. Code Sec. 34-18-11-1 and on the Plaintiffs' Motion to dismiss and for sanctions.

18. The Seventh Amended Proposed Complaint for Medical Malpractice is attached hereto as Exhibit B.

19. Exhibit B is a true, accurate and complete copy of the original.

20. Doctors have been named in lawsuits filed by the relatives of the decedents and the estates of the decedents including but not limited to the Seventh Amended Proposed Complaint for Medical Malpractice.

21. The Doctors are radiologists.

22. During the relevant period of time Orville Lynn Majors worked at the Vermillion County Hospital.

23. Orville Lynn Majors was convicted for the murder of six patients in his care.

24. Orville Lynn Majors is currently serving a 360 year sentence for the murder of the six patients.

25. The lawsuits against Doctors claim that Doctors improperly supervised Orville Lynn Majors.

26. The lawsuits against Doctors claim that Doctors were grossly negligent for ignoring the startling death rate in the intensive care unit where Orville Lynn Majors was working.

27. Doctors have made a claim under their Business Policy issued by State Farm.

28. Doctors claim that their Business Policy should provide a defense.

29. Doctors contend that their Business Policy should indemnify them from liability.

30. State Farm has issued a Reservation of Rights to the doctors.

31. A true, accurate and complete copy of the Reservation of Rights letter dated August 8, 2003 is attached hereto as Exhibit C.

32. A true, accurate and complete copy of the Reservation of Rights letter dated August 13, 2004 is attached hereto as <u>Exhibit D</u>.

33. Doctors received the Reservation of Rights letter attached hereto as <u>Exhibit C</u>.

34. Doctors received the Reservation of Rights letter attached hereto as <u>Exhibit D</u>.

35. Complete diversity of citizenship exists between the parties under 28 U.S.C. § 1332.

36. Venue is proper in the United States District Court for the Southern District of Indiana.

37. This case constitutes an actual case or controversy between the parties under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

38. That the amount at issue is the one million dollar ($1,000,000) limit of liability of the policy issued to Doctors.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company, respectfully requests the Court to enter a declaratory judgment in its favor and determine the following matters:

A. That the Court enter a declaratory judgment construing the provisions of the State Farm Business Policy # 14-B719-500 attached hereto as <u>Exhibit A</u>, and determine the rights and liabilities of State Farm, if any, to Doctors.

B. That the Court enter a declaratory judgment and a determination that the facts relating to the incidents alleged in the complaints filed by the representatives of the

decedents, the estates of the decedents, or the relatives of the decedents are not an occurrence and not a covered loss under the State Farm policy.

C. That the Court enter a declaratory judgment and a determination that the facts relating to the incidents alleged in the complaints filed by the representatives of the decedents, the estates of the decedents, or the relatives of the decedents are not an occurrence and not a covered loss under the State Farm policy and that there is no duty on the part of State Farm to defend Doctors in any pending litigation and any potential litigation.

D. That the Court enter a declaratory judgment and a determination that the facts relating to the incidents alleged in the complaints filed by the representatives of the decedents, the estates of the decedents, or the relatives of the decedents are not an occurrence and not a covered loss under the State Farm policy and that if judgment is rendered at any time against Doctors and in favor of Plaintiffs in the underlying lawsuits, State Farm will have no liability to Doctors and/or Plaintiffs' and will not be required to satisfy or pay any portion of any judgment which might be so entered.

E. That State Farm be awarded its costs, and for all other relief just and proper in the premises.

Respectfully submitted,

FRAZIER & ASSOCIATES

Ronald W. Frazier, #13975-48

## II. POLICY PROVISIONS

39. State Farm incorporates by reference rhetorical paragraphs 1 through 38 of Count I of this Complaint as if fully set forth herein.

40. The Business Policy of insurance issued by State Farm to Doctors contained the following provisions:

> "We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury, property damage, personal injury or advertising injury . . . to which this insurance applies . . .[t]his insurance applies only:
>
> 1) to bodily injury or property damage caused by an occurrence committed in the coverage territory during the policy period;
>
> 2) to personal injury caused by an occurrence committed in the coverage territory during the policy period. The occurrence must arise out of the conduct of your business…"

\* \* \* \* \* \* \* \* \* \*

**_Occurrence_** is further defined as: "[A]n **_accident_**, including continuous or repeated exposure to substantially the same general harmful conditions which result in bodily injury or property damage; or
the commission of an offense, or a series of similar or related offenses, which result in bodily injury, sickness or disease sustained by a person, including death resulting from the bodily injury, sickness or disease at any time."

41. The exclusion portion of Section II specifically states:

> "to bodily injury, property damage or personal injury due to rendering or failure to render any _professional services_ or treatments. This includes but is not limited to:

\* \* \* \* \* \* \* \* \* \*

> c. supervisory or inspection services;
>
> d. medical, surgical, dental, x-ray, anesthetical or nursing services or treatments, but this exclusion only applies to an insured who is engaged in the business or occupation of providing any of these services or treatments;"

8

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company, respectfully requests the Court to enter a declaratory judgment in its favor and determine the following matters:

A. That the Court enter a declaratory judgment construing the provisions of the State Farm Business Policy # 14-B719-500 attached hereto as <u>Exhibit A</u>, and determine the rights and liabilities of State Farm, if any, to Doctors.

B. That the Court enter a declaratory judgment and a determination that the facts relating to the incidents alleged in the complaints filed by the representatives of the decedents, the estates of the decedents, or the relatives of the decedents are not an occurrence and not a covered loss under the State Farm policy.

C. That the Court enter a declaratory judgment and a determination that the facts relating to the incidents alleged in the complaints filed by the representatives of the decedents, the estates of the decedents, or the relatives of the decedents are not an occurrence and not a covered loss under the State Farm policy and that there is no duty on the part of State Farm to defend Doctors in any pending litigation or any potential litigation.

D. That the Court enter a declaratory judgment and a determination that the facts relating to the incidents alleged in the complaints filed by the representatives of the decedents, the estates of the decedents, or the relatives of the decedents are not an occurrence and not a covered loss under the State Farm policy and that if judgment is rendered at any time against Doctors and in favor of Plaintiffs', State Farm will have no liability to Doctors and will not be required to satisfy or pay any portion of any judgment which might be so entered.

E. That State Farm be awarded its costs, and for all other relief just and proper in the premises.

Respectfully submitted,

FRAZIER & ASSOCIATES

Ronald W. Frazier, #13975-48

### III. OCCURRENCE

42. State Farm incorporates by reference rhetorical paragraphs 1 through 38 of Count I and rhetorical paragraphs 39 through 41 of Count II of this Complaint as if fully set forth herein.

43. Plaintiffs in the underlying lawsuits allege the Doctors negligently hired Orville Lynn Majors.

44. Plaintiffs in the underlying lawsuits allege the Doctors failed to maintain proper control of Orville Lynn Majors.

45. Plaintiffs in the underlying lawsuits allege the Doctors failed to provide proper supervision and physician review as it relates to Orville Lynn Majors.

46. Plaintiffs in the underlying lawsuits allege the Doctors consciously, willfully, and intentionally failed to investigate the suspicious deaths of Plaintiff's Decedents.

47. Plaintiffs in the underlying lawsuits allege the Doctors knew or should have known that they were violating the rules and regulations of the State of Indiana in failing to provide proper supervision and physician review.

48. Plaintiffs in the underlying lawsuits allege the Doctors actions and/or inactions constitute gross negligence, willful and wanton misconduct, and demonstrate a clear and wanton disregard of human life.

49. Plaintiffs in the underlying lawsuits allege that the decedents were, at the time of their deaths, under the sole and exclusive control of the Doctors.

50. Plaintiffs in the underlying lawsuits allege that the deaths of Plaintiffs' Decedents occurred under circumstances, which would not normally, or customarily be expected to occur in the absence of negligence, gross negligence, or willful and wanton misconduct by the Doctors.

51. None of the alleged acts in the Seventh Amended Complaint constitute an occurrence.

52. State Farm seeks a declaratory judgment that the facts relating to the incidents alleged in the complaints filed by the representatives of the decedents, the estates of the decedents, or the relatives of the decedents are not an occurrence and thus are not a covered loss under the State Farm Business Policy.

53. State Farm seeks a declaratory judgment that the facts relating to the incidents alleged in the complaints filed by the representatives of the decedents, the estates of the decedents, or the relatives of the decedents are not a covered loss under the State Farm Business Policy and that there is no duty to defend Doctors in any litigation, nor is there any duty on the part of State Farm to pay any judgment which may be rendered against Doctors and in favor of Plaintiffs in the underlying lawsuits.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company, respectfully

requests the Court to enter a declaratory judgment in its favor and determine the following matters:

A. That the Court enter a declaratory judgment construing the provisions of the State Farm Business Policy # 14-B719-500 attached hereto as <u>Exhibit A</u>, and determine the rights and liabilities of State Farm, if any, to Doctors.

B. That the Court enter a declaratory judgment and a determination that the facts relating to the incidents alleged in the complaints filed by the representatives of the decedents, the estates of the decedents, or the relatives of the decedents are not an occurrence and not a covered loss under the State Farm policy.

C. That the Court enter a declaratory judgment and a determination that the facts relating to the incidents alleged in the complaints filed by the representatives of the decedents, the estates of the decedents, or the relatives of the decedents are not an occurrence and not a covered loss under the State Farm policy and that there is no duty on the part of State Farm to defend Doctors in any pending litigation or any potential litigation.

D. That the Court enter a declaratory judgment and a determination that the facts relating to the incidents alleged in the complaints filed by the representatives of the decedents, the estates of the decedents, or the relatives of the decedents are not an occurrence and not a covered loss under the State Farm policy and that if judgment is rendered at any time against Doctors and in favor of Plaintiffs', State Farm will have no liability to Doctors and will not be required to satisfy or pay any portion of any judgment which might be so entered.

E.  That State Farm be awarded its costs, and for all other relief just and proper in the premises.

Respectfully submitted,

FRAZIER & ASSOCIATES

*[signature]*
Ronald W. Frazier, #13975-48

### IV.  PROFFESIONAL SERVICES EXCLUSION

54.  State Farm incorporates by reference rhetorical paragraphs 1 through 38 of Count I and rhetorical paragraphs 39 through 41 of Count II and rhetorical paragraphs 42 through 53 of Count III of this Complaint as if fully set forth herein.

55.  The Business Policy of insurance issued by State Farm to Doctors excludes from coverage bodily injury, property damage or personal injury due to rendering or failure to render any professional services or treatments.

56.  The exclusion includes the providing of x-ray services:

> medical, surgical, dental, x-ray, anesthetical or nursing services or treatments, but this exclusion only applies to an insured who is engaged in the business or occupation of providing any of these services or treatments;"

57.  State Farm seeks a declaratory judgment that the facts relating to the incidents alleged in the complaints filed by the representatives of the decedents, the estates of the decedents, or the relatives of the decedents are excluded from coverage and are therefore not a covered loss under the State Farm Business Policy.

58.  State Farm seeks a declaratory judgment that the facts relating to the incidents alleged in the complaints filed by the representatives of the decedents, the

13

estates of the decedents, or the relatives of the decedents are not covered losses under the State Farm Business Policy and that there is no duty to defend Doctors in any litigation, nor is there any duty on the part of State Farm to pay any judgment which may be rendered against Doctors and in favor of Plaintiffs Decedents as a result of the incident.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company, respectfully requests the Court to enter a declaratory judgment in its favor and determine the following matters:

A. That the Court enter a declaratory judgment construing the provisions of the State Farm Business Policy 14-B719-500 attached hereto as Exhibit A, and determine the rights and liabilities of State Farm, if any, to Doctors.

B. That the Court enter a declaratory judgment and a determination that the facts relating to the incidents alleged in the complaints filed by the representatives of the decedents, the estates of the decedents, or the relatives of the decedents are excluded from coverage and therefore are not a covered loss under the State Farm Business Policy.

C. That the Court enter a declaratory judgment and a determination that facts relating to the incidents alleged in the complaints filed by the representatives of the decedents, the estates of the decedents, or the relatives of the decedents are excluded from coverage and therefore are not a covered loss under the State Farm Business Policy and that there is no duty on the part of State Farm to defend Doctors in any pending litigation or any potential litigation.

D. That the Court enter a declaratory judgment and a determination that the facts relating to the incidents alleged in the complaints filed by the representatives of the

decedents, the estates of the decedents, or the relatives of the decedents are excluded from coverage and therefore are not a covered loss under the State Farm Business Policy and that if judgment is rendered at any time against Doctors and in favor the Plaintiffs in the underlying lawsuits, State Farm will have no liability to Doctors and/or to Plaintiffs in the underlying lawsuits and will not be required to satisfy or pay any portion of any judgment which might be so entered.

      E.    That State Farm be awarded its costs, and for all other relief just and proper in the premises.

Respectfully submitted,

FRAZIER & ASSOCIATES

_____
Ronald W. Frazier, #13975-48

## REQUEST FOR TRIAL BY JURY

Comes now the Plaintiff, State Farm Fire and Casualty Company, by counsel, and requests this matter to be tried to a jury.

Respectfully submitted,

FRAZIER & ASSOCIATES

_____
Ronald W. Frazier, #13975-48

FRAZIER & ASSOCIATES
912 E. Market Street
Indianapolis, IN. 46202
(317) 916-9999